RUTH BAILEY, ET AL

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

CONTRACT—*when teacher entitled to salary for full term.* A teacher who is employed to teach school for a definite term is entitled to recover the stated salary for the full term, although the school is closed by the proper school authorities before the end of the term, provided she is willing, able and ready to complete the term.

SAME—*when not entitled to salary.* Where there is no contract for a definite term, or where the teacher enters upon her duty with notice that the term had been shortened by the proper authorities, no recovery can be had for a full term where it is only shown that formerly the school operated for a longer period of time. In such case no presumption will amount to a contract.

IMPLIED CONTRACT—*what does not amount to.* A written inquiry by the teacher to the proper school authorities as to the probable length of time the school will be operated, to which no reply was made, will not raise an implied contract as to the length of the term.

Edward J. Brundage, Attorney General, for State.

This suit was brought by a large number of persons who have been teachers in the Illinois School for the Deaf at Jacksonville, Illinois. The parties do not have a joint claim, but each one has a separate claim and have all joined in one suit, asking a separate allowance in different amounts, to each of the claimants.

It appears from the evidence that prior to the year 1916, for upwards of thirty years, the institution above referred to, carried on the school for a period of nine months each year. It also appears that the Board of Administration of the State of Illinois, entered an order known as "General Order No. 133" fixing the term of said school at nine months. This general order went into effect September 1st, 1915, and was published in a book issued by said Board, giving a list of salaries and wages per month, of Illinois charitable institutions, including the School for the Deaf at Jacksonville, Illinois.

In the spring of 1915, Mr. Charles P. Gillett was managing officer in the institution, and when making arrangements for the school year commencing on or about September 1st, 1915, he mailed to each of the persons he desired to be employed in said school for the ensuing year, a letter as follows:

"Illinois School for the Deaf,
Superintendent's Office.

Please inform me whether you wish to retain your position in this school during the term beginning next September. If your

answer should be in the affirmative I shall take it that you make it in good faith and, with your consent, that said reply be considered in the nature of a contract. Please reply within seven days, using the enclosed form.

Yours truly,
Superintendent."

This note was sent to all persons who claim under the first count of the declaration herein and each of them answered in the affirmative. We hold that their acceptance of the position tendered them by Mr. Gillett amounts to a contract with said institution for one school year of nine months, and that each of said persons are entitled to full nine months' pay according to the schedule of wages and salaries established by the Board of Administration, and published by said board in the book introduced in evidence, marked Exhibit "D". The school year of 1915-1916 was afterwards shortened by the authorities and made to end June 1st instead of June 15th, 1916, and the teachers employed for that year were paid for only eight months and a half. It is shown in the evidence that the institution was closed for purposes of economy by the Board of Administration, who had authority in the matter. The teachers during the school year, were only paid for eight months and a half, although employed, as we hold, for nine months. Under the evidence in this case, we must hold that the teachers claiming for wages for the two weeks from June 1st, to June 15th, 1916, are entitled to pay during that time, notwithstanding there was no school in operation and that they did no work for the institution.

There are two other counts in the declaration. In the second count a large number of persons are claiming pay for the two weeks from September 15th, 1916, to September 30th, 1916, and the persons claiming under the second count are suing for wages because the school did not commence two weeks earlier. Under the third count a large number of teachers are claiming pay from June 1st, 1917, to June 15th, 1917, during which period the school was closed by the lawful authorities empowered so to do.

It appears that the school year of 1916-1917 only covered a period of eight months and for that time the teachers were paid, and they insist that they should be paid for the full nine months. There is no evidence in the record tending to show that these teachers had made any contract with the school, establishing the length of time for which the school year of 1916-1917 should run. They all knew that the school year of 1915-1916 was shortened by the lawful authorities, and again took up their duties in the fall of 1916, without any understanding or agreement. All these teachers were Civil Service employees and could not be discharged without proper cause, but there was no reason why they should not have found out, before entering upon their occupation as teachers in the fall of 1916, how many months they were expected to teach that school year. They had notice of the fact that the term of school had been cut down to eight months and a half the previous year, and that it commenced two weeks later in the season than it had ever commenced before. We do not think that they had a right to presume

that the school would run for nine months, and now urge, as they do in this case, that their presumption should amount to a contract. They were not given a notice similar to the teachers who are claiming in the first count, so far as the evidence shows, but simply continued in their employment as employees under the Civil Service of the State. The evidence falls far short of showing that the teachers who taught in this institution during the school year of 1916-1917, had a contract, either express or implied, that the school year was to be nine months and they were to have nine months' pay.

On the 29th day of April, 1916, after the Board of Administration had shortened the term of school in the School for the Deaf, to eight and one-half months it appears from the evidence that the teachers were very much dissatisfied and exercised over the question as to whether they were to be paid for the two weeks cut off from the school year, and a committee consisting of seven persons, all of whom are named as claimants in the first count of the declaration, forwarded a written communication to the Superintendent of the school, Mr. C. P. Gillett, which is as follows:

"Jacksonville, Ill., April 29, 1916.

Mr. C. P. Gillett, Superintendent,

School for the Deaf,

Jacksonville, Ill.

· Dear Sir:

In view of the fact that an order from the Board of Administration directs that our school be closed two weeks earlier than usual, we desire to know if it is the intention of the board to withhold the salaries of the teachers for said time. As you know, our understanding last year with you, acting for the board, was made in good faith and with the clear statement that it was for the school year and not by the month.

Because of this fact, we feel that we are entitled to the full salaries established by the board last fall for the year, as per General Order No. 133.

We desire also to know if the full salaries, as established by this board in the aforesaid General Order, will be paid during the coming school year.

As men who have business obligations and responsibilities we ask in all courtesy to know the exact compensations to be received.

Respectfully submitted,

E. P. Cleary,

G. H. Putnam,

D. W. George,

C. Spruit,

H. D. Snyder,

C. W. Taylor."

This communication plainly shows that as early as April, 1916, the action of the Administration Board in cutting down the school year of 1915-1916 warned all the teachers that the same might be done for the next school year. These teachers seem to have been alert and wide-

awake and then made demand on the Superintendent to ascertain the number of months the school would be continued in the coming year. There is no evidence to show that the Superintendent, or any other authority of the school answered this communication. It leaves the situation thus: The school year for 1916 had been cut down to eight and one-half months, regardless of all previous custom and regardless of General Order No. 133 of the Administration Board, and these teachers immediately made inquiry as to what number of months would constitute the succeeding school year, showing that as early as April, 1916, they were not relying upon General Order No. 133, or upon any previous "understanding" which they emphasize so much in their testimony. They had a right, before they started in to teach for the year 1916-1917, to demand a contract or quit, but after having made this inquiry and receiving no reply from it, they seem to have elected to remain in the employ of the institution as teachers and take their chances as to the length of time the school would be operated during that year. After having addressed this communication to the Superintendent and having received no reply from it, they are in no position now to urge or claim, before the Court, that they had a contract that the school was to be operated for nine months and that they were to receive nine months' pay.

The claims of all persons set forth in counts numbers two and three and hereby disallowed. We hereby make allowance to the persons claiming under the first count in the declaration as follows, to-wit:

To Bailey, Ruth, teacher..................................................$52.50
To Berkeley, Anne, teacher............................................. 52.50
To Brown, Margaret, teacher........................................... 66.67
To Bryns, Margaret, teacher............................................ 66.67
To Carter, Laura, teacher............................................... 50.00
To Carter, Mary D., teacher............................................ 55.00
To Cleary, E. P., teacher............................................... 66.67
To Davis, Amanda, teacher............................................. 55.00
To Devitt, Jennie F., teacher........................................... 60.00
To George, D. W., teacher.............................................. 66.67
To Gillett, Alma, teacher............................................... 60.67
To Hayden, Josephine, teacher......................................... 50.00
To Howard, Belle, teacher.............................................. 66.67
To Jackson, Anne W., librarian......................................... 36.11
To Jordan, Edith, teacher.............................................. 62.50
To Jordan, Helen, teacher.............................................. 66.67
To Kingsley, Anna, teacher............................................. 52.50
To Krueger, Minnie B., teacher......................................... 60.00
To Lee, Louisa, teacher................................................ 50.00
To Macomber, Phyllis, teacher......................................... 52.50
To Martin, Mary L., teacher............................................ 66.67
To Noyes, Sarah, teacher............................................... 66.67
To Orr, Della M., teacher.............................................. 52.50
To Putnam, G. H., teacher............................................. 66.67
To Race, Effie J., teacher.............................................. 66.67
To Russell, Catherine, teacher......................................... 50.00
To Russell, Margaret, teacher.......................................... 66.67
To Sandberg, Irene, teacher............................................ 52.50
To Sheridan, Laura, teacher............................................ 66.67
To Sheridan, Mary J., teacher.......................................... 66.67

To Snyder, Harry, teacher.......................................... 60.67
To Spruit, C., teacher............................................. 75.00
To Spruit, Florence, teacher....................................... 52.50
To Taft, Carolyn, teacher.......................................... 60.00
To Tanner, Annie, teacher.......................................... 66.67
To Taylor, C. W., teacher.......................................... 75.00
To Taylor, Jean, teacher........................................... 66.67
To Upham, Mary C., teacher......................................... 66.67
To Walton, Idella, teacher......................................... 66.67
To Wood, C., teacher............................................... 66.67
To Wood, Frances S., teacher....................................... 88.89
To Young, Annie, teacher........................................... 66.67